﻿Citation Nr: 19172632
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 19-19 497
DATE: September 19, 2019

REMANDED

Entitlement to service connection for intervertebral disc syndrome, claimed as back condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1998 to May 2001. 

This matter comes before the Board of Veterans’ Appeals (Board) from an April 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) which, in pertinent part, denied service connection for intervertebral disc syndrome, claimed as back condition. The Veteran submitted a Notice of Disagreement (NOD) in March 2019 and a Statement of the Case (SOC) was issued in June 2019. The Veteran perfected an appeal by submitting a timely VA Form 9 in July 2019 without indicating whether he wished an optional Board hearing. 

On August 14, 2019 the RO sent the Veteran a letter to clarify his hearing request. The Veteran was informed that if he did not respond by August 28, 2019, that the RO would assume he did not want a hearing. The Veteran did not respond to the request. Accordingly, the Board will proceed with consideration of the appeal based on the evidence of record. 

1. Entitlement to service connection for intervertebral disc syndrome, claimed as back condition is remanded.

The Veteran contends that his service-connected left ankle ankylosis with degenerative joint disease and atrophy altered his gait and caused him to develop intervertebral disc syndrome (IVDS). 

After a review of the evidence of record, the Board finds that remand is necessary prior to adjudicating this claim.

In support of his claim, the Veteran has submitted a May 2017 letter from a private orthopedic surgeon who noted that the Veteran had a history of a left ankle fusion in 2014. The orthopedic surgeon indicated that the Veteran’s “gait has since been altered. This may contribute to his lumbar spondylosis.” The orthopedic surgeon, however, did not provide a rationale for his statement, rendering the opinion of low probative value. 

In connection with the Veteran’s claim, the RO obtained a medical opinion in March 2018. The clinician, who did not examine the Veteran, stated that, while “the left ankle is a totally separate anatomic and physiological unit from the spine,” it could have caused lumbar herniated disc if there was a “significant leg length discrepancy leading to a significantly altered gait of 3-6 cm and beyond.” The examiner observed, however, that there is no “documented evidence” of leg discrepancy or altered gait of “3-6 cm and beyond.” As there was no evidence of a significant leg length discrepancy of record, the examiner concluded that the Veteran’s IVDS was less likely than not related to his service-connected left ankle disability.

The Board finds that this conclusion is inadequate for two reasons. First, private medical records from August 2015 show that the risks of ankle surgery include “leg length disparity” and there is no evidence that shows that the Veteran currently does not have any leg length disparity. Second, the evidence did indicate that there was alteration in the Veteran’s gait, and there is no evidence that the alteration was less than 3-6 cm. 

On remand, the Veteran should be afforded an in-person VA examination. Necessary measurements should be taken to support any medical opinion and differing medical opinions should be addressed before offering a medical opinion regarding the etiology of the Veteran’s IVDS.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his current low back disability. Provide access to the claims file to the examiner. 

After examining the Veteran and reviewing the record, the examiner should provide an opinion, with supporting rationale, as to whether it is at least as likely as not that the Veteran’s current low back disability is caused by his service-connected left ankle disability. 

If not, the examiner should opine whether it is at least as likely as not that the Veteran’s current low back disability is aggravated (made worse as shown by comparing the current disability to medical evidence created prior to any aggravation) by the service-connected left ankle disability. 

If the Veteran’s low back disability is aggravated by the service-connected left ankle disability, the examiner should also indicate the extent of such aggravation by identifying the baseline level of disability. This may be ascertained by the medical evidence of record and also by the Veteran’s statements as to the nature, severity, and frequency of his observable symptoms over time.

The examiner must provide a rationale for his or her conclusions. In providing the requested rationale, the examiner should address the relevant evidence of record, to include the May 2017 opinion from the Veteran’s orthopedic surgeon and the March 2018 VA medical opinion. 

 

 

K. Conner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Yun, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.